**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BEECHWOOD RE,<br><br>Debtor in a Foreign Proceeding. | **NOT FOR PUBLICATION**<br><br>Case No. 19-11560 (MG)<br>Chapter 15 |

**MEMORANDUM OPINION AND ORDER DENYING RENEWED MOTION FOR PROVISIONAL RELIEF WITHOUT PREJUDICE**

*A P P E A R A N C E S:*

KLESTADT WINTERS JURELLER
    SOUTHARD & STEVENS, LLP
*Attorneys for the Foreign Representative*
200 West 41st Street, 17th Floor
New York, New York 10036
By:    John E. Jureller, Jr., Esq.

OTTERBOURG P.C.
*Attorneys for Melanie L. Cyganowski, as Receiver*
230 Park Avenue
New York, New York 10169
By:    Erik B. Weinick, Esq.

HOLLAND & KNIGHT LLP
*Attorneys for Martin Trott and Christopher Smith,*
*as Joint Official Liquidators and Foreign Representatives*
31 West 52nd Street
New York, New York 10019
By:    Warren E. Gluck, Esq.
       Barbra R. Parlin, Esq.
       John L. Brownlee, Esq. (*pro hac vice*)
       Mitchell J. Geller, Esq.
       Richard A. Bixter, Jr., Esq. (*pro hac vice*)

ALSTON & BIRD LLP
*Attorneys for CNO Financial Group, Inc., Washington National Insurance Company,*
*Bankers Conseco Life Insurance Company, and 40/86 Advisors, Inc.*
90 Park Avenue
New York, NY 10016
By:   Adam J. Kaiser, Esq.
      William Hao, Esq.
      Jenna C. Polivy, Esq.

                -and-

1201 W. Peachtree St.
Atlanta, Georgia 30309-3424
By:   William S. Sugden, Esq. (admitted *pro hac vice*)


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Stuart Sybersma ("Foreign Representative"), in his capacity as a Joint Official Liquidator of Beechwood Re (In Official Liquidation) ("Beechwood" or "Debtor"), whose corporate winding-up proceeding under the laws of the Cayman Islands is pending before the Grand Court of the Cayman Islands ("Cayman Court"), under Cause No. 144 of 2018 (NSJ) ("Cayman Proceeding"), filed this renewed motion pursuant to sections 105(a) and 1519 of the Bankruptcy Code, seeking provisional relief applying section 362 of the Bankruptcy Code to the Debtor and its U.S. property pending Chapter 15 recognition of the Cayman Proceeding. ("Renewed Motion," ECF Doc. # 23.) The Renewed Motion is supported by the Supplemental Declaration of Stuart Sybersma in Support of Renewed Motion for Provisional Relief. ("Sybersma Supp. Decl.," ECF Doc. # 24.) The Renewed Motion seeks an order granting provisional relief (pending the hearing on recognition of the Cayman Proceeding as a foreign main proceeding) staying a decision not yet issued by District Court Judge Rakoff on a fully briefed and submitted motion filed by the CNO Parties (defined below). That motion seeks an order requiring Beechwood to post additional security in an amount of $250 million under section 1213 of the

2

New York Insurance Law and/or Indiana Code §27-4-4-4 (collectively as the "Insurance Laws") as a result of Beechwood's status as a foreign, unauthorized reinsurer (the "Additional Security Motion"). The CNO Parties have filed claims against Beechwood in the district court and Beechwood has filed counterclaims in the district court against the CNO Parties.[1] If Beechwood (which is in liquidation) is required to post the additional security and fails to do so (which it says it could not do), the CNO Parties will seek to strike Beechwood's pleadings in the district court and to enter Beechwood's default. The result would be a large judgment in favor of CNO Parties and dismissal of Beechwood's counterclaims.[2]

Melanie L. Cyganowski, as Receiver (the "Receiver") for Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund International Ltd., Platinum Partners Credit Opportunities Fund International (A) Ltd., and Platinum Partners Credit Opportunities Fund (BL) LLC, and Martin Trott and Christopher Smith, as the Joint Official Liquidators and Foreign Representatives (the "JOLS") of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) and Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation), filed a Limited Objection and Reservation of Rights to the Foreign Representative's Renewed Motion. ("Limited Objection," ECF Doc. # 33.) The Limited Objection does not object to (and indeed supports) the provisional relief sought by the Foreign representative with respect to the Additional Security Motion of the CNO Parties.

---

[1] Beechwood's counterclaims against the CNO Parties are also the subject of a pending arbitration between those parties.

[2] On May 16, 2019, the Foreign representative filed a motion for provisional relief (ECF Doc. # 6), supported by the Declaration of Stuart Sybersma in Support of the Motion for Provisional Relief (ECF Doc. # 7). On May 17, 2019, the Court denied the motion without prejudice "for the reasons stated on the record," principally because of the lack of irreparable injury. (ECF Doc. # 14.)

3

CNO Financial Group, Inc., Bankers Conseco Life Insurance Company, Washington National Life Insurance Company and 40|86 Advisors, Inc. (collectively, the "CNO Parties") filed an opposition to the Renewed Motion. ("Opposition," ECF Doc. # 34). The CNO Parties submitted the Declaration of William Hao in support of the Opposition. ("Hao Declaration," ECF Doc. # 38.) The CNO Parties argue that Judge Rakoff should be permitted to decide the Additional Security Motion which is fully briefed and submitted. Of course, the CNO Parties believe the Additional Security Motion will be decided in their favor.

The Foreign representative filed a reply to the Limited Objection and the Opposition. ("Reply," ECF Doc. # 37.)

## DISCUSSION

In deciding whether to grant provisional relief in this chapter 15 case under section 1519(a) of the Bankruptcy Code, in the gap period between the filing of the chapter 15 petition and a decision on recognition of the foreign proceeding, the Court applies the standards for issuance of a preliminary injunction to determine whether the provisional relief should be granted. The decision *In re Worldwide Educ. Servs., Inc.*, 494 B.R. 494 (Bankr. C.D. Cal. 2013) is instructive. In *Worldwide*, the court explicitly rejected the holding of *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 864–67 (Bankr. C.D. Cal. 2008) (holding that a motion for provisional relief requesting a temporary application of the automatic stay under section 1519(a) need not meet the requirements for injunctive relief). The court in *Worldwide* emphasized the language of section 1519(e)—"The standards, procedures, and limitations applicable to an injunction shall apply to relief under [1519]." 11 U.S.C. § 1519(e); 494 B.R. at 499 ("This court respectfully disagrees with this holding of the court in *Pro–Fit Holdings* because the holding is flatly inconsistent with the plain and unambiguous language of Section 1519(e)"). Judge Kwan reasoned that *Pro–Fit*

4

incorrectly limited the scope of section 1519(e) to motions requesting injunctive relief. The express language of the statute does not contain such a limitation; rather, it applies to all relief sought pursuant to section 1519, including imposition of the automatic stay. *Id.* at 499.

The *Worldwide* court's reasoning is supported by other cases. *See e.g.*, *Vitro v. ACP Master, Ltd. (In re Vitro)*, 455 B.R. 571, 580 (Bankr. N.D. Tex. 2011) ("Injunctions issued under 11 U.S.C. § 105 outside of a plan of reorganization may be granted only under the usual rules for the issuance of an injunction.") (citing *In re Commonwealth Oil Ref. Co.*, 805 F.2d 1175, 1190 (5th Cir. 1986)).

Applying the standards for a preliminary injunction here, the Court concludes that the Foreign Representative has still failed to show irreparable harm required to support provisional relief staying any decision by Judge Rakoff of the CNO Parties' Additional Security Motion. The Foreign Representative's argument that Beechwood will suffer irreparable harm would become moot if Judge Rakoff decides the issue in Beechwood's favor. If Judge Rakoff decides the issue against Beechwood, Beechwood would not suffer irreparable harm unless and until the district court proceeds to enter a default judgment against Beechwood.

If recognition of the Cayman Proceeding is granted before a default judgment is entered, the CNO Parties claims against Beechwood in the district court would be subject to the automatic stay under sections 362 and 1520(a)(1) and a default judgment could not be entered. If a decision on recognition is still pending after Judge Rakoff rules but before a default judgment is entered, this Court could decide then whether to grant provisional relief staying the CNO claims in the district court.

The CNO Parties argue that section 1501(d) of the Bankruptcy Code prevents this Court from relieving Beechwood of the obligation to post additional security required by state

5

insurance laws. The Foreign Representative argues that section 1501(d) does not apply. The CNO Parties' argument is misplaced. Section 1501(d) does not prevent this Court from staying adjudication of the CNO Parties' claims and Beechwood's counterclaims. At most (and this point is disputed and unnecessary to resolve), section 1501(d) would prevent this Court from relieving Beechwood of the obligation of posting additional security (if such obligation is held to exist) while permitting litigation of the claims and counterclaims to proceed in a U.S. court. Section 1501 does not by its terms alter the effect of the automatic stay under sections 362, 1519 and 1520 on litigation against the Foreign Debtor in a U.S. court. The CNO Parties have cited no authority to support their argument and the Court has found none.

It is important to recognize that the CNO Parties have submitted proof of debt against Beechwood in the Cayman Proceeding. (Renewed Motion ¶ 13.) Thus, in fact, the CNO Parties have submitted claims against Beechwood in two courts—the U.S. District Court and the Cayman Court. In a chapter 15 case, upon recognition as a foreign main proceeding, the bankruptcy court must decide whether adjudication of claims against a foreign debtor should proceed in the foreign court, in the district court, or in the bankruptcy court.

Caselaw in this Circuit supports applying international comity and requiring that claims be centralized and resolved in a foreign proceeding even if the claims are governed by New York law if the foreign proceeding is procedurally fair. *See, e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,* 412 F.3d 418, 424 (2d Cir. 2005) ("We have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding. Since [t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding, American courts regularly defer to such actions.'') (internal quotation marks and citations

6

omitted); *CT Investment Management Co. v. Cozumel Caribe S.A. de C.V. (In re In re Cozumel Caribe S.A. de C.V.)*, 482 B.R. 96, 114 (Bankr. S.D.N.Y. 2012) ("Comity takes into account the interests of the United States, the interests of the foreign state or states involved, and the mutual interests of the family of nations in just and efficiently functioning rules of international law. Federal courts generally extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy.  As the court stated in *Altos Hornos,* deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and do not contravene the laws or public policy of the United States.") (internal quotation marks and citations omitted); *In re Atlas Shipping A/S*, 404 B.R. 726, 733 (Bankr. S.D.N.Y. 2009) ("Particularly in the bankruptcy context, American courts have long recognized the need to extend comity to foreign bankruptcy proceedings, because [t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding; if all creditors could not be bound, a plan of reorganization would fail.  As a result, courts in the Second Circuit have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding.") (internal quotation marks and citations omitted).

  This Court and others have previously held that insolvency or debt adjustment proceedings (including liquidation proceedings) in the Cayman Islands qualify as foreign proceedings under chapter 15 of the Bankruptcy Code.  *See In re Ocean Rig UDW Inc.*, 570 B.R. 687, 701–02 (Bankr. S.D.N.Y. 2017) (collecting cases).

  It is premature for the Court to decide whether the CNO Parties and Beechwood should be required to adjudicate their claims and counterclaims in the Cayman Proceeding.  If this Court recognizes the Cayman Proceeding as a foreign main proceeding, the Court can then decide what

additional relief should be granted under sections 1507 and 1521 of the Bankruptcy Code, including requiring that the claims and counterclaims be adjudicated in the Cayman Proceeding. A decision by Judge Rakoff on the Additional Security Motion may help inform that decision. If the claims and counterclaims are adjudicated in the Cayman Proceedings, the additional security requirements under the New York and Indiana Insurance Laws will not apply.

## CONCLUSION

For the reasons explained above, the application for provisional relief is **DENIED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

Dated:    July 10, 2019
           New York, New York

                          ____*Martin Glenn*_____
                              MARTIN GLENN
                        United States Bankruptcy Judge